CORE REALTY, LLC, a Hawaii limited liability company Plaintiff/Counterclaimant/Appellee,
v.
ILSE A. FONG, Defendant/Counterclaim Defendant/Appellant
No. 28438
Intermediate Court of Appeals of Hawaii.
October 17, 2008.
On the briefs:
Dennis E.W. O'Connor Jr., Kelvin H. Kaneshiro R. Aaron Creps, (Reinwald O'Connor & Playdon LLP) for Defendant/Counterclaimant/Appellant.
Erik W. Wong, Bruce K. Campbell for Plaintiff/Counterclaim Defendant/Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J. FOLEY and NAKAMURA, JJ.
Defendant/Counterclaimant/Appellant Ilse A. Fong (Ilse) appeals from the Judgment filed on February 6, 2007 in the Circuit Court of the First Circuit (circuit court).[1] After a bench trial, the circuit court entered judgment in favor of Plaintiff/Counterclaim Defendant/Appellee Core Realty, LLC (Core) as to all claims asserted by Core for the total amount of $70,493.51. The total award included
(1) the principal amount claimed of $42,727.12;
(2) prejudgment interest of $8,102.12, calculated for the period from December 17, 2004 (date of breach of the contract) up to November 16, 2006;
(3) attorneys' fees of $12,707.31; and
(4) costs of $6,956.96.
The circuit court found that Core was entitled to statutory interest of 10% per year on the principal amount of $42,727.12 until the judgment was paid in full.
The circuit court also entered judgment in favor of Core and against Ilse on all claims asserted by Ilse in her counterclaim against Core.
On appeal, Ilse argues that the circuit court erred as follows:
(1) The circuit court did not enforce the plain terms of the written commission agreement between Core and Ilse (Listing Agreement), which plain terms excluded commission payments to Core if tenants already negotiating with Mike Norton (Norton), including AutoSource, LLC (AutoSource), leased the subject property. Related to this argument is Ilse's contention that in the circuit court's Findings of Fact and Conclusions of Law filed on December 26, 2006 (FOF/COL), FOFs 20, 21, 28, and 29 are clearly erroneous and COLs 1 through 3 and 6 through 9 are wrong.
(2) The circuit court's FOFs 11, 22, 24 through 30, 32, and 37 are clearly erroneous and its COLs 1 and 7 are wrong because therein, the court
(a) erroneously considered parol evidence in determining that the parties had altered the terms of their Listing Agreement;
(b) considered evidence that violated the statute of frauds, pursuant to HRS § 656-1 (1993), in determining that the parties had altered the terms of the Listing Agreement; and
(c) used the "preponderance of the evidence" rather than the "clear and convincing" standard.
(3) The circuit court ignored the evidence that Core acted as "dual agent" without Ilse's written consent and in violation of its fiduciary duty to her.
(4) The circuit court dismissed the claims in Ilse's counterclaim, even though there was evidence that Core
(a) acted as dual agent without Ilse's consent;
(b) ignored and violated the written commission agreement that excluded a commission for tenants in negotiation with Norton, including the ultimate tenant, AutoSource; and
(c) violated its fiduciary duty to Ilse by acting in dual agency without first securing an agreement and waiver of dual agency and failing to secure a clear written commission agreement.
(5) The circuit court considered Core's claims of implied contract and quantum meruit as a matter of law in COL 12, when there was no evidence introduced by Core of the reasonable value of its services.
(6) The circuit court granted Core's requests for its costs of interstate travel and office supplies purchased for trial because those costs represented attorney overhead.
Ilse requests that we reverse the Judgment and either dismiss the Judgment as a matter of law or grant her a new trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ilse's points of error as follows:
The circuit court did not err.
(1) Based on the circuit court's FOFs that Ilse does not dispute, we agree with the court's interpretation of the Norton Sentence and its finding that it was inapplicable in this case. COLs 1 through 3 and 6 through 9 are right, based on the undisputed FOFs.
(2) COLs 1 and 7 are not wrong.
(a) The circuit court did not consider evidence in violation of the parol evidence rule in interpreting the Norton Sentence in the listing agreement. See Industrial Indem. Co. v. Aetna Cas. & Sur. Co. 465 F.2d 934, 937 (9th Cir. 1972); Akamine & Sons, Ltd. v. American Sec. Bank, 50 Haw. 304, 310, 440 P.2d 262, 266 (1968); and Amfac. Inc. v. Waikiki Beachcomber Inv. Co. 74 Haw. 85, 124-25, 839 P.2d 10, 31 (1992).
(b) The circuit court, in interpreting the Norton Sentence, did not consider evidence in violation of the statute of frauds. See HRS § 656-1(6) (1993).
(c) Ilse cites to no authority for her assertion that Core was required to prove by "clear and convincing evidence" that Ilse breached the Listing Agreement, and we find none. The circuit court did not err by applying the "preponderance of the evidence" standard. Kekona v. Abastillas, 113 Hawaii 174, 180-81, 150 P.3d 823, 829-30 (2006).
(3) The circuit court did not err by failing to find that Core acted as a dual agent for both AutoSource and Ilse, given the testimonies of Jeff Engel and Roy Pyles of Core and Rima Braden and Luis Michel of AutoSource, which the court found to be credible. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai`i 97, 117-18, 58 P.3d 608, 628-29 (2002) (it is within the trier of fact's province to weigh the evidence and assess the credibility of the witnesses, and the appellate court will refrain from interfering in those determinations).
(4) The circuit court did not wrongly dismiss Ilse's counterclaim.
(a) The circuit court rightly found that the Norton Sentence did not apply to the facts in the instant case, based on the undisputed FOFs.
(b) The evidence at trial did not show that Core interfered with a prospective agreement between Ilse and AutoSource. Robert's Hawaii Sch. Bus, Inc. v. Laupahoehoe Transp. Co. 91 Hawai`i 224, 258, 982 P.2d 853, 887 (1999), superseded by statute on other grounds, Hawai`i Med. Ass'n v. Hawai`i Med. Serv. Ass'n, 113 Hawai`i 77, 148 P.3d 1179 (2006); Kutcher v. Zimmerman, 87 Hawaii 394, 405 n.15, 957 P.2d 1076, 1087 n.15 (App. 1998).
(c) The evidence in the record on appeal does not show that Core intentionally or negligently misrepresented the property's fair market rental value to Ilse. Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Directors v. Venture 15, Inc., 115 Hawai`i 232, 263, 167 P.3d 225, 256 (2007) (setting forth the elements constituting intentional or fraudulent misrepresentation). Further, Ilse does not explain how she detrimentally relied on any misrepresentation by Core regarding such.
(d) The circuit court did not err in failing to find that Core acted as dual agent for AutoSource and Ilse. Ass'n of Apartment Owners of Wailea Elua, 100 Hawai`i at 117-18, 58 P.3d at 628-29.
(5) Ilse contends that FOFs 11, 20 through 22, 24 through 30, 32, and 37 are clearly erroneous, but she does not actually argue those points and, hence, has waived them. Hawaii Rules of Appellate Procedure Rule 28(0)(7) ("Points not argued may be deemed waived.").
(6) We need not address the issue of whether COL 12 is wrong because it is based on Core's claims of implied contract and quantum meruit as a matter of law, given that the circuit court properly found that Ilse breached her contract with Core, and COL 12 is part of the court's alternative finding that Ilse breached an implied contract with Core.
(7) The circuit court did not abuse its discretion by granting Core's requests for its costs related to interstate 4travel. HRS § 607-9 (1993); Buscher v. Boning, 114 Hawaii 202, 223, 159 P.3d 814, 835 (2007).
(8) Core waived its request for costs related to office supplies, and the circuit court did not award Core those costs.
Therefore,
IT IS HEREBY ORDERED that the Judgment filed on February 6, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Victoria S. Marks presided.